UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CROZET A. WILEY, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 4:14CV70 RLW |
| JAMES HURLEY,[1] | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Crozet A. Wiley for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

### I. Procedural History

Petitioner Crozet A. Wiley is currently incarcerated at the Northeast Correctional Center ("NECC") pursuant to the judgment and sentence of the Circuit Court of Pemiscot County, Missouri. (Resp't's Ex. B pp. 40-41) A jury found Petitioner guilty of one count of assault in the first degree and one count of armed criminal action. (*Id.* at pp. 33-34) The court sentenced him to 15 years' incarceration for first degree assault and 5 years' incarceration for armed criminal action, said sentences to run concurrently. (*Id.* at p. 40) Petitioner appealed the judgment, and on February 7, 2011, the Missouri Court of Appeals affirmed the judgment and conviction. (Resp't's Ex. H) Petitioner then filed a Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp't's Ex. J pp. 3-15)

---

[1] Because Petitioner is now confined at the Northeast Correctional Center located in Bowling Green, Missouri, James Hurley, the Warden of that facility, is the proper party Respondent. Therefore, his name will be substituted as the named respondent in this action. 28 U.S.C. § 2254, Rule 2(a). Future pleadings shall reflect these changes in the caption.

Appointed counsel filed an amended Rule 29.15 motion on October 19, 2011. (*Id.* at pp. 23-38) On September 24, 2012, the motion court denied Petitioner's motion for post-conviction relief. (*Id.* at pp. 42-48) On December 3, 2013, the Missouri Court of Appeals affirmed the judgment of the motion court. (Resp't's Ex. N) On January 15, 2014, Petitioner filed the present petition for habeas relief in federal court.

## II. Factual Background[2]

On September 6, 2008, Gary Hatley ("Hatley") walked to a friend's house one morning to assist with a sewer problem. Hatley brought a 12-pack of beer and drank five to eight beers within one hour. He had a buzz going when he walked home with his remaining beer. As Hatley approached Petitioner, Crozet A. Wiley, Petitioner yelled at Hatley and asked for a beer. Hatley walked up to Petitioner, gave him a beer, and the two men talked near Plaintiff's front porch. The next thing Hatley recalled was lying out by the street, feeling something wet, and seeing blood on his shirt. Hatley did not recall the stabbing or know why Petitioner stabbed him. Hatley possessed no weapon, and he had no dispute with Petitioner.

Although Hatley was bleeding heavily from his chest wound, he was able to flag down a passing police car. Hatley was flown to a hospital. Petitioner went to a neighbor's home, stuffed the knife in a sock, and asked his neighbor to keep it for him. The neighbor notified the police, and they recovered the knife with remaining blood. Petitioner was tried as a persistent offender, as he admitted to having three prior felonies, including two for felony assault. Petitioner claimed self-defense and testified that Petitioner had just returned from the liquor store when Hatley approached Petitioner. According to Petitioner, Hatley was drunk and staggering, and he

---

[2] The Court sets forth the facts as stated in the Missouri Court of Appeals' opinion in *State v. Wiley*, 337 S.W.3d 41 (Mo. Ct. App. 2011) and the unreported opinion in *Wiley v. State*, No. SD32356 (Mo. Ct. App. Dec. 3, 2013) (Resp't's Ex. N).

2

belligerently called Petitioner "n*gger" and hit him in the left cheek. That was when Hatley "got stabbed." *State v. Wiley*, 377 S.W.3d 41, 43 (Mo. Ct. App. 2011).

### III. Petitioner's Claims

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises three claims for federal habeas relief. Petitioner argues in Ground One that trial counsel was ineffective for failing to offer a modified self-defense instruction. In Ground Two, Petitioner asserts that trial counsel was ineffective for failing to object to the State's argument that Petitioner offered no evidence to support his self-defense claim when the State had successfully excluded Petitioner's proposed evidence. Finally, in Ground Three, Petitioner contends that the trial court erred in excluding evidence that the victim made a statement that he was "going to kill that n*gger" because the statement was relevant to who was the initial aggressor and to Petitioner's theory of self-defense.

### IV. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28

U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers* 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citation omitted). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

## V. Discussion

### A. Ground One

Petitioner argues in Ground One that trial counsel was ineffective for failing to offer a modified self-defense instruction. According to Petitioner, this instruction would have informed the jury that Petitioner could use deadly force to protect and defend himself against a "forcible felony" as listed in the self-defense statute, Mo. Rev. Stat. § 563.031.

Petitioner raised this claim in his post-conviction motion. (Resp't's Ex. J pp. 25, 29-31) He also raised claims related to the self-defense instruction on direct appeal. (Resp't's Ex. E) The Missouri Court of Appeals considered whether the evidence, including an excluded statement by Hatley that he was "going to kill that n*gger," warranted a self-defense instruction. *Wiley*, 337 S.W.3d at 44-46. The *Wiley* court found the self-defense/deadly force instruction was not justified, reasoning:

> The short explanation is that, subject to "castle doctrine" exceptions inapplicable here, deadly force cannot be used to repel a simple assault and battery. *State v. Burks*, 237 S.W.3d 225, 229 (Mo.App.2007); *Dorsey v. State*, 113 S.W.3d 311 (Mo.App.2003).
>
> A longer and equally valid reason is that, given Appellant's use of a knife, the special self-defense instruction on use of deadly force was warranted only by substantial evidence of four prerequisites to using deadly force in self-defense:
>
>> (1) an absence of aggression or provocation on the part of the defender, (2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death, (3) a reasonable cause for the defender's belief in such necessity, and (4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need to take a life.
>
> *Burks*, 237 S.W.3d at 229 (quoting *State v. Chambers*, 671 S.W.2d 781, 783 (Mo. banc 1984)). Assuming *arguendo* that Hatley was the initial aggressor (the issue on which Appellant sought to offer Hatley's statement) and that Appellant had no duty to retreat, there still was no evidence that Appellant faced "immediate danger

5

of serious bodily injury or death," or that he needed "to kill in order to save himself," or that he had "reasonable cause" to think killing was necessary.

*Dorsey* is instructive. While fighting an unarmed man, Dorsey pulled a pocket knife and cut his opponent severely. Dorsey claimed self-defense and that his opponent had used racial epithets. This court noted, however, that "insults are not sufficient provocation to justify an assault or make the speaker the aggressor," and "mere battery would not justify the use of a weapon against an unarmed assailant." 113 S.W.3d at 316. "The use of deadly force in self-defense requires the real or apparently real necessity for the defender to kill or use deadly force to protect himself from immediate danger of serious bodily injury or death. Deadly force cannot be used to repel a simple assault and battery." *Id.* at 317 (citations omitted).

Appellant here, like Dorsey, was quick to use deadly force against an unarmed man. By his own testimony, Appellant "felt" Hatley's lone punch, but was not injured, yet in a "split second" opened his knife and stabbed Hatley. In this and other respects, the record does not justify a self-defense/deadly force instruction even if Hatley were the initial aggressor. Thus, any erroneous exclusion of "initial aggressor" evidence was not prejudicial and does not warrant reversal. We deny Point I.

. . .

Our Point I ruling necessarily dooms Point III, which urges acquittal because the State allegedly failed to disprove Appellant's claim of self-defense. If the record did not support a self-defense instruction, then, *a fortiori,* it did not mandate acquittal on that basis. Point III thus fails.

*Wiley*, 337 S.W.3d at 44–46; Resp't's Ex. H pp. 4-7.

In his Rule 29.15 post-conviction motion, Petitioner argued that trial counsel was ineffective for failing to offer a modified self-defense instruction that informed the jury Petitioner was entitled to use deadly force in self-defense to protect him against any forcible felony, and that Petitioner had no duty to retreat. (Resp't's Ex. J p. 25) The motion court found that Petitioner failed to prove that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any errors or omissions by counsel. Therefore, the motion court held that trial counsel was not ineffective. (Resp't's Ex. J pp. 46-47)

6

On post-conviction appeal, the Missouri Court of Appeals held that trial counsel's decision not to offer a modified self-defense instruction was reasonable because Petitioner was not entitled to a self-defense instruction. (Resp't's Ex. N p. 8) The *Wiley* court stated that to show ineffective assistance of counsel for failure to request a jury instruction, Petitioner "must prove the evidence would have required submission of the instruction had it been requested, 'that the decision not to request the instruction was not reasonable trial strategy, and that the [Petitioner] was thereby prejudiced.'" (Resp't's Ex. N p. 9) (quoting *Jackson v. State*, 205 S.W.3d 285, (Mo. Ct. App. 2006)). The *Wiley* court noted that on direct appeal, it held Petitioner "was not entitled to self-defense instruction because deadly force cannot be used to repel a simple assault and battery." (*Id.* at p. 10) The *Wiley* court reasoned that "[i]f counsel cannot be ineffective for failing to request an instruction to which the defendant is not entitled . . . then counsel certainly cannot be ineffective for failing to request a modification to an instruction the defendant was not entitled to receive." (*Id.*)

To establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. *Id.* at 694; *Bucklew*, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Bucklew*, 436 F.3d at 1016 (citation omitted).

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in *Strickland*." *Id.*; *see also Bucklew*, 436 F.3d at 1016 (where state court correctly identifies *Strickland* as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented.").

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Petitioner contends that Hatley's actions of announcing that he was going after the Petitioner and then punching him warranted the use of deadly force against a forcible felony and also warranted a modified self-defense instruction.

The Court notes that the trial court did, in fact, give a self-defense instruction. That instruction stated, in part:

> In order for a person lawfully to use force in self-defense, he must reasonably believe such force is necessary to defend himself from what he reasonably believes to be the imminent use of lawful force.
>
> But, under this instruction, a person is not permitted to use deadly force unless he reasonably believes that the use of deadly force is necessary to protect himself against death or serious physical injury.

(Resp't's Ex. B pp. 27-28) On direct appeal, however, the *Wiley* court determined the evidence presented, that the unarmed Hatley punched Petitioner but did not injure him, did not justify a

8

self-defense/deadly force instruction even if Hatley was the initial aggressor. *Wiley*, 337 S.W.3d at 45-46.

Despite this finding by the Missouri Court of Appeals, Petitioner argues that the instruction should have been modified to reflect that Petitioner could defend himself against any forcible felony and that Petitioner had no duty to retreat. Under Mo. Rev. Stat. § 563.011(3), forcible felony is defined as, "any felony involving the use or threat of physical force or violence against any individual, including but not limited to murder, robbery, burglary, arson, kidnapping, assault, and any forcible sexual offense." Trial counsel testified before the motion court and stated that she did not request the instruction to be modified to include "any forcible felony" because the theory of the case was that Petitioner was defending himself against an assault, which would be a serious physical injury. (Resp't's Ex. I, pp. 8-9) Further, counsel testified that the Missouri Court of Appeals determined that Hatley's actions constituted a simple assault not worthy of the self-defense instruction. (*Id.* at pp. 13-14) In addition, counsel stated that the instruction indicating that a person had no duty to retreat from his property when the assault took place was not available at the time of trial. (*Id.* at p. 11) She noted that Petitioner was never questioned about a duty to retreat so it would not have been an issue for a jury instruction. (*Id.* at 14)

The Court finds that counsel exercised reasonable trial strategy such that she did not render ineffective assistance of counsel. The evidence demonstrates that the "assault" the defense relied on for the self-defense instruction was a punch intended to cause serious physical injury. The forcible felony of assault requires either attempting to kill or knowingly causing or attempting to cause serious physical injury for assault in the first degree, or recklessly causing serious physical injury for assault in the second degree. Mo. Rev. Stat. §§ 565.050.1,

9

565.052.1(3).³ Counsel correctly determined that the addition of "any forcible felony" would not have aided Petitioner's defense. This is especially true where, as here, the Missouri Court of Appeals later determined that the punch was a simple assault and battery that did not justify deadly force or a self-defense instruction. *Wiley*, 337 S.W. 3d at 45-46. Further, whether Petitioner had no duty to retreat was not an issue raised during trial and would not have aided Petitioner's self-defense claim. "An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel." *McCrady v. State*, 461 S.W.3d 443, 449-50 (Mo. Ct. App. 2015) (citation omitted); *see also McNeal v. State*, 500 S.W.3d 841, 844 (Mo. 2016).

Therefore, the Court finds that counsel's performance was not deficient, and counsel did not render ineffective assistance of counsel. *Bucklew*, 436 F.3d at 1016 ("Under *Strickland*, counsel's performance is 'measured against an objective standard of reasonableness' and 'hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments.'") (quoting *Rompilla v. Beard*, 545 U.S. 374, 380-81 (2005)). The Court need not address the prejudice prong because Petitioner has made an insufficient showing on the performance component. *Strickland*, 466 U.S. at 697.

Likewise, the Court finds that the state court did not unreasonably apply *Strickland* or unreasonably determine the facts in light of the evidence presented. The *Wiley* court determined that counsel's decision not to request a modification of the self-defense instruction was

---

³ At the time of the incident in 2008 and Petitioner's trial in 2009, the statutes for first and second degree assault were Mo. Rev. Stat. §§ 565.050 and 565.060, respectively. The language in the applicable portions of those statutes remains the same in the most recent versions. Assault in the third degree was a misdemeanor and would not have qualified as a forcible felony. Mo. Rev. Stat. § 565.070.

reasonable trial strategy under *Strickland*. Specifically, the Court noted that the evidence presented did not even warrant a self-defense instruction, although the trial court did allow such jury instruction at trial. "[T]he Missouri court's holding that counsel was not ineffective for failing to request a self-defense instruction when the record contained no evidentiary support for such instruction did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." *Clemons v. Steele*, No. 4:11CV379 JCH, 2011 WL 5912617, at *6 (E.D. Mo. Nov. 28, 2011); *see also Salazar v. State*, 66 S.W.3d 755, 761 (Mo. Ct. App. 2001) ("Movant's trial attorneys cannot be faulted for failing to request an instruction that had not evidentiary support."). Thus, the Court will deny Petitioner's first ground for habeas relief.

### **B. Ground Two**

In Ground Two, Petitioner asserts that trial counsel was ineffective for failing to object to the State's argument that Petitioner offered no evidence to support his self-defense claim when the State had successfully excluded Petitioner's proposed evidence. Petitioner raised this claim in his Rule 29.15 motion and on appeal from the denial of his post-conviction motion. Specifically, Petitioner claimed counsel was ineffective "for failing to object to the prosecutor's improper closing argument telling the jury it did not hear evidence that Mr. Wiley acted in self-defense as a result of Mr. Hatley's conduct before the incident when the prosecutor objected and successfully kept any evidence of Mr. Hatley's threats to kill or find a "n*gger" from being admitted at trial." (Resp't's Ex. K pp. 12-13)

The Missouri Court of Appeals addressed Petitioner's argument and found, "[w]hen viewed in light of the entire record, the prosecutor's comment was a permissible comment on the evidence so an objection to the comment would have been without merit." (Resp't's Ex. N. p.

11

11) Thus, the *Wiley* court held that counsel was not ineffective for failing to make a non-meritorious objection. (*Id.* at 10-13) During the post-conviction hearing, counsel testified that the defense was able to admit evidence of Hatley's agitated state and state of mind when he approached Petitioner. (Resp't's Ex. I, p. 12) Further, counsel testified that she generally did not like to object in closing arguments to interrupt the flow because she felt the defense made its point with Petitioner and another witness' testimony. (*Id.*)

"Whether to object during the prosecution's opening or closing argument is a matter of trial strategy . . . ." *McFadden v. Steele*, No. 4:12CV00212 AGF, 2015 WL 928468, at *8 (E.D. Mo. Mar. 4, 2015). The Court finds that counsel's decision not to object because the defense had introduced evidence that Petitioner acted in self-defense is not outside the wide range of reasonable professional assistance. *Id.* (finding trial counsel's trial strategy of not objecting to the prosecution's closing argument to be reasonable where counsel testified he did not want to emphasize problematic comments further); *see also Driscoll v. Delo*, 71 F.3d 701, 714 (8th Cir. 1995) (stating trial counsel's trial strategy that included minimizing the number of objections during closing argument was objectively reasonable). Thus, the Court holds that counsel's performance was not deficient, and counsel did not render ineffective assistance of counsel.

Additionally, this Court finds that the state court's determination that counsel was not ineffective because an objection to the argument would have been meritless is not contrary to, nor an unreasonable application of, the standards set forth in *Strickland*. Prosecutors are entitled to point out to the jury the absence of evidence to support the defense's theory. *Hays v. State*, 484 S.W.3d 121, 137 (Mo. Ct. App. 2015) (citation omitted). Further, "trial counsel cannot be found to be ineffective for failing to make non-meritorious objections." *Id.* (citation omitted); *see also McNeil v. Purkett*, No. 4:05CV1917 JCH, 2007 WL 433256, at *9 (E.D. Mo. Feb. 5,

2007) ("Thus, because the statement itself was permissible, any objection by counsel would have been futile, and counsel cannot be held constitutionally deficient for failing to raise a nonmeritorious objection.").

Therefore, the Court concludes that the state court's determination was reasonable, and Petitioner's claim of ineffective assistance of counsel set forth in Ground Two of his habeas petition will be denied. *See Bowman v. Russell*, No. 4:12-CV-0955-JCH, 2015 WL 687179, at *9 (E.D. Mo. Feb. 18, 2015) (finding that it was reasonable for the state courts to conclude counsel's decisions not to object to closing arguments as a matter of trial strategy "fell within the wide range of deference given to a trial attorney's strategic decisions.").

### C. Ground Three

In Ground Three, Petitioner contends that the trial court erred in excluding evidence that the victim made a statement that he was "going to kill that n*gger" because the statement was relevant to who was the initial aggressor and to Petitioner's theory of self-defense. The Missouri Court of Appeals addressed this issue on direct appeal and found that any error in excluding Hatley's statement did not prejudice Petitioner because he was not entitled to a self-defense/deadly force instruction. *Wiley*, 337 S.W.3d at 45-46. As previously stated, the *Wiley* court found that Petitioner was "quick to use deadly force against an unarmed man." *Id.* at 45. The *Wiley* court reasoned, "[b]y his own testimony, Appellant 'felt' Hatley's lone punch, but was not injured, yet in a 'split second' opened his knife and stabbed Hatley. In this and other respects, the record does not justify a self-defense/deadly force instruction even if Hatley were the initial aggressor. Thus, any erroneous exclusion of 'initial aggressor' evidence was not prejudicial and does not warrant reversal." *Id.* at 45-46.

13

The Court holds that the Missouri Court of Appeals' finding that the exclusion of Hatley's comment was not prejudicial was not contrary to, or an unreasonable application of, federal law. States "'have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). However, that latitude is limited by the constitutional guarantee that criminal defendants have "a meaningful opportunity to present a complete defense." *Id.* (internal quotations and citation omitted).

Here, the *Wiley* court determined that the exclusion was not prejudicial because the evidence did not warrant a self-defense instruction in the first instance. "Trial courts may exclude defense evidence on grounds the evidence is 'repetitive . . . , only marginally relevant[,] or poses an undue risk of harassment, prejudice, or confusion of the issues' without violating the Constitution." *Garcia v. Mathes*, 474 F.3d 1014, 1017 (8th Cir. 2007) (quoting *Holmes*, 547 U.S. at 326-27 (quotation omitted)); *see also Green v. Wallace*, No. 4:13-CV-811-SPM, 2016 WL 5118589, at *9 (E.D. Mo. Sept. 21, 2016) ("The trial court may exclude defense evidence that is only marginal without violating the defendant's right to present a complete defense."). Given the state court's finding that Petitioner was not entitled to a self-defense instruction because Hatley's punch was a simple assault and battery that did not justify the use of deadly force, admission of Hatley's statement would have only been marginally relevant. Thus, the Court finds the state court's determination that the exclusion of "initial aggressor" evidence was not prejudicial was reasonable and does not warrant habeas relief.

Further, as stated above, Petitioner was not only able to admit other evidence that he acted in self-defense, but the trial court gave the self-defense instruction to the jury. The jury heard testimony and argument that Hatley called Petitioner a name, punched the Petitioner in the

face, and was the aggressor. (Resp't's Ex. A pp. 210-11, 251-52) Therefore, the Court finds that the exclusion of Hatley's statement did not prevent Petitioner from having a meaningful opportunity to present his theory of self-defense. *See Burns v. Dormire*, No. 4:07-CV-363 (JCH), 2008 WL 2312931, at *6 (E.D. Mo. May 30, 2008) (finding the exclusion of a marginally relevant comment did not warrant habeas relief where the comment was from a tenuous source, and the petitioner was able to present his self-defense theory in that the jury heard the victim threatened petitioner and was the aggressor). For the above reasons, the Court will deny Petitioner's third ground of his habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Crozet Wiley for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

Dated this 27th day of March, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**